```
 1                    UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF TEXAS
 2                          SHERMAN DIVISION

 3    UNITED STATES OF AMERICA        | DOCKET 4:21-CR-253(25)
                                      |
 4                                    | JULY 25, 2024
      VS.                             |
 5                                    | 9:40 A.M.
                                      |
 6    PETER UDE                       | SHERMAN, TEXAS

 7    -----------------------------------------------------------

 8            VOLUME 1 OF 1, PAGES 1 THROUGH 17

 9       REPORTER'S TRANSCRIPT OF SENTENCING HEARING

10         BEFORE THE HONORABLE AMOS L. MAZZANT, III,
                  UNITED STATES DISTRICT JUDGE
11
      -----------------------------------------------------------
12

13
      APPEARANCES:
14
      FOR THE GOVERNMENT:      HEATHER HARRIS RATTAN
15                             U.S. ATTORNEY'S OFFICE - PLANO
                               101 E. PARK BOULEVARD, SUITE 500
16                             PLANO, TX 75074

17
      FOR THE DEFENDANT:       TIMOTHY EDWARD BROWN
18                             OLDS & BROWN
                               220 WEST CHERRY STREET
19                             SHERMAN, TX 75090

20
      COURT REPORTER:          CHRISTINA L. BICKHAM, CRR, RDR
21                             FEDERAL OFFICIAL REPORTER
                               101 EAST PECAN
22                             SHERMAN, TX 75090

23

24
           PROCEEDINGS RECORDED USING MECHANICAL STENOGRAPHY;
25        TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.
```

1              (Open court, Defendant present.)
2              THE COURT:  The next case is 4:21-cr-253, the 25th
3    Defendant, *United States of America versus Peter Ude.*
4              MS. RATTAN:  Heather Rattan for the United States,
5    your Honor.
6              MR. BROWN:  Timothy Brown for Mr. Ude, your Honor.
7              THE COURT:  Sir, you are here for your sentencing
8    pursuant to your final presentence report that was filed on
9    June 18th, 2024.  Have you had a chance to review the final
10   presentence report, sir?
11             THE DEFENDANT:  Yes, sir.
12             THE COURT:  Have you had a chance to discuss it
13   with Counsel?
14             THE DEFENDANT:  Yes, sir.
15             THE COURT:  And do you understand it?
16             THE DEFENDANT:  Yes, sir.
17             THE COURT:  Do you believe the report adequately
18   covers your background?
19             THE DEFENDANT:  Yes, sir.
20             THE COURT:  And are you satisfied with the
21   accuracy of the report?
22             THE DEFENDANT:  Yes, sir.
23             THE COURT:  And, Mr. Brown, have you had the
24   chance to review the final presentence report with your
25   client, and do you believe he understands it?

1               MR. BROWN:  I have, your Honor, and I do.
2               THE COURT:  Other than the objections you filed,
3    any other comments, additions, or corrections?
4               MR. BROWN:  No, your Honor.
5               THE COURT:  On behalf of the Government,
6    Ms. Rattan, any comments, additions, corrections, or
7    objections?
8               MS. RATTAN:  No, your Honor.
9               THE COURT:  Okay.  Mr. Brown, if you want to go
10   ahead and address your first objection, which is regarding
11   the acceptance of responsibility.
12              MR. BROWN:  Your Honor, my client wishes to assure
13   the Court that he does wish to accept responsibility.  He
14   does not wish to minimize his role in this situation; he
15   only wants to not exaggerate his role.
16              He has admitted that transactions have gone
17   through an account of his for the purpose of obtaining
18   monies that he could not obtain through a legitimate
19   source.  Specifically, on page 9, I believe, of the
20   presentence investigation, it spells out the accounts that
21   are in his name where transactions took place.
22              So he believes he has accepted responsibility.  He
23   just wants the Court to understand the actual transactions
24   that were in his name.  That's to our first objection.
25              THE COURT:  Ms. Rattan?

1           MS. RATTAN:  Well, I can certainly see why the
2    probation officer had these concerns.  It wasn't just one
3    letter that the Defendant sent to the officer; it was
4    several letters.  And as the officer notes, the Defendant
5    made claims that contradicted his guilt.  So I see why the
6    probation officer was very concerned about this.
7           And I've heard the Court many times in sentencing,
8    after a Defendant allocutes, say, "I don't think you
9    accepted responsibility.  That's not what I heard."  And I
10   think that's what the probation officer is concerned about
11   and pointing out to the Court.
12          THE COURT:  Mr. Brown, and that's the case here.
13   I mean, it's -- I understand that in his pretrial interview
14   he admitted the conduct in the Factual Basis, but then he
15   sent a series of letters to Probation which have been
16   provided to the Court to look at.  And so clearly he tries
17   to minimize a little bit his role and everything.
18          So I see why they took away his acceptance points,
19   and I agree with that.  I mean, you can't be half in and
20   half out in kind of the way you explained that to
21   Probation.  And so -- anyway, so I am going to overrule the
22   objection because I don't believe that he has clearly
23   accepted his responsibility based on the letters he sent to
24   Probation.
25          Okay.  So your next two objections, I believe, you

1  put together so -- can be joined together.

2           MR. BROWN:  May I summarize those, your Honor?

3           THE COURT:  Yes.

4           MR. BROWN:  Essentially, the basis is the same

5  argument, that the amount attributed to him appears to

6  be -- includes several accounts that are not his.  He's not

7  an owner of the accounts.  He's not a signer on the

8  accounts.  And I believe the chart on page 9 of the PSI

9  spells those out.  The majority of those are accounts that

10 belong to or are signed by his ex-wife, Gold Ude, who has

11 been sentenced previously in this case.

12          THE COURT:  Ms. Rattan?

13          MS. RATTAN:  Well, the probation officer pretty

14 clearly explains, I think on page 12 -- it's 11 and 12 --

15 under paragraph 29, C and D.

16          Focusing first on D, the transfer to Japan, the

17 probation officer says there was almost a $50,000 transfer.

18 It said on August 20th of 2020, both of the Udes wired

19 almost $50,000 to a Japanese bank account, and then it

20 names the account, what the account was.

21          But clearly the evidence shows, based on the

22 intermingling of the accounts and the corporation, that the

23 Defendant and his now ex-wife were working closely

24 together.  And the probation officer points that out,

25 especially if you look at the chart in paragraph 13 on

1   pages 6 and 7 which talks about the accounts that the
2   Defendant and his wife had and the ones they had together
3   and the multiple banks that were used and how the
4   corporation was on each one of those accounts.
5           So in both of these instances, I think the
6   probation officer correctly held the Defendant accountable.
7           THE COURT:  Mr. Brown, I agree and I'm going to
8   incorporate and adopt -- the probation officer gave a very
9   detailed response, and I'll incorporate that as the
10  Court's basis for this.  You know, based on a preponderance
11  of the evidence, it is sufficient for the way the probation
12  officer addressed this, so I'll overrule that objection.
13          I think you have one more objection regarding one
14  of the enhancements, I think paragraph 29.
15          MS. RATTAN:  It's paragraph 29C.
16          THE COURT:  29C.
17          MR. BROWN:  Yes, your Honor.
18          THE COURT:  Regarding ten or more victims.
19          MR. BROWN:  I'm sorry, your Honor?
20          THE COURT:  I said -- I was just stating it's
21  regarding the number of victims.
22          MR. BROWN:  Your Honor, they fall back to the
23  same -- the same items.  He believes he should be held
24  responsible for the transactions that went through his
25  accounts and not those that he was not an owner or signer

1  of.  The number of victims would be less than what are
2  attributed in the PSI with that situation.
3          THE COURT:  Okay.  Ms. Rattan?
4          MS. RATTAN:  Well, and as the officer points out,
5  it's about reasonable foreseeability.  And even if you just
6  focus on the Defendant's victims, the probation officer
7  carefully recounts those in paragraphs 20 -- rather,
8  paragraphs 14 through 20.
9          THE COURT:  Yeah, I agree, and I will incorporate
10 their response.  Again, it is part of the overall -- what
11 Probation set out in the prior objection, and I will
12 overrule the objection based on preponderance of the
13 evidence.
14         I think that concludes your objections, correct?
15         MR. BROWN:  Yes, your Honor.
16         THE COURT:  So, Mr. Ude, you pleaded guilty to
17 Count 1, conspiracy to commit wire fraud.  To the extent
18 the Court hadn't fully accepted the Plea Agreement, the
19 Court will fully accept it now.
20         The Court finds the information contained in the
21 presentence report has sufficient indicia of reliability to
22 support its probable accuracy.  The Court adopts the
23 factual findings, undisputed facts, and the guideline
24 applications in the presentence report.
25         Based upon a preponderance of the evidence

1  presented and the facts in the report, while viewing the
2  sentencing guidelines as advisory, the Court concludes as
3  follows:  Your total offense level is a 23, your criminal
4  history category is a I, which provides for an advisory
5  guideline range of 46 to 57 months of imprisonment.
6           Mr. Brown, I will call upon you first to comment
7  on what you believe the appropriate sentence should be.
8           MR. BROWN:  Your Honor, subject to our objections
9  and the Court's rulings, we would ask the Court to consider
10 the lowest range available.
11          THE COURT:  Ms. Rattan, what's the Government's
12 position?
13          MS. RATTAN:  Well, of course, I know that this
14 Court is well familiar with this scheme.  One thing that I
15 point out in relation to this Defendant is on page 6,
16 paragraph 13.  The probation officer notes that the
17 business and personal accounts that the Defendant and his
18 wife had between 2017 and 2022 had a total of $3.8 million
19 deposited into the accounts and 3.8 -- and a lesser amount
20 actually transferred through the accounts.  That is not the
21 amount the Defendant was held accountable for.
22          And I understand that, that the amount he was held
23 accountable for was agreed on and a very conservative
24 amount, but it was 3.8 million that was run through the
25 accounts in a four-year period.

```
 1              THE COURT:  And so what are you asking regarding
 2   sentence?
 3              MS. RATTAN:  I just think that's a factor that the
 4   Court should consider in assessing where to place the
 5   sentence, and I think something mid to high range is
 6   appropriate for this Defendant.
 7              THE COURT:  Okay.  And so, Mr. Ude, you have the
 8   right to address the Court.  Now would be the time if you
 9   want to say something.
10              THE DEFENDANT:  Yes, my Lord.
11              My Lord, thank you for the opportunity.  I came to
12   this --
13              THE COURT:  If you're addressing the Court, I
14   would be addressed -- I am not a lord -- unless you are
15   actually addressing God.  So -- and I'm not God.  You can
16   say "your Honor," but don't call me "Lord."
17              THE DEFENDANT:  Okay.  My Lord -- no, sorry about
18   that.
19              I came to this country to preach the gospel, but
20   unfortunately I'm in chain.  I take full responsibility for
21   my role, but I have one or two things to add to what the
22   Government is saying.
23              First of all, the statement I made, there are two
24   companies there.  Neco Corporation, it doesn't belong to
25   me.  Then the other company is Neco Gold, LLC.  That
```

1  belongs to me, and I have operated that company for 19 good
2  years without anybody having issues with it.
3           So if you look at the PSI report -- first of all,
4  if you look at the Indictment, the Indictment in page 8 is
5  saying that I'm the owner of Neco Corporation.  That's not
6  correct.  I'm not the owner of that corporation, so that
7  was what I was trying to let the PS -- the PSI reporter
8  know.  I'm not the owner of that corporation.
9           I take full responsibility for the corporation
10 that I registered, which is Neco Gold, LLC.
11          And they talking about the money that went through
12 that account, my Lord.  There is this investors program I
13 went into.  The IRS investigated that account, the whole
14 money that went into my account for almost four months.
15 Afterwards, they said they wanted to see the proof of fund.
16 I sent them the proof of fund and the supporting document.
17          After everything, after that investigation, they
18 said okay, that this particular account is okay but I have
19 to pay some backlog of taxes.  When the value came forth,
20 it was too much for me.  I told them I can't pay this, so
21 we went ahead to agree on a payment plan.  And since then,
22 I have been paying the money.
23          So the money that went into that account, Neco
24 Gold, LLC, they are legitimate.  They are money I sent to
25 Nigeria to invest in oil well in Corsicana (phonetic), my

1   Lord.  The IRS investigated that account.  It's
2   confirmable, sir.
3           THE COURT:  Okay.  Anything else, sir?
4           THE DEFENDANT:  Yeah.  As I said, I take full
5   responsibility for my role, but I just wanted to clarify
6   that they are two different companies there.  The first one
7   is Neco Corporation, which I don't own.  The other one is
8   Neco Gold, LLC, which I own, and I take full responsibility
9   for anything that went into that account, sir.
10          THE COURT:  Thank you.
11          Well, Mr. Brown, you know, after hearing the
12  Defendant's allocution and, you know, sitting through this,
13  I just want to give you an opportunity.  I don't think the
14  guideline range is sufficient, so -- I see him trying to
15  minimize, and so I'm inclined to go above the guideline
16  range.  So I'll give you an opportunity to tell me why I
17  shouldn't do that.
18          MR. BROWN:  Your Honor, my experience with my
19  client is that he does wish to accept responsibility.  He
20  is adamant about the accounts that are his and that he had
21  control of.  That has been my experience, that he just
22  wants the Court to know and he does not want to exaggerate
23  his involvement, but he does want to take responsibility
24  for what -- the accounts that are his.
25          THE COURT:  Thank you.

```
 1              Ms. Rattan, any comment from the Government?
 2              MS. RATTAN:  No, your Honor.  Thank you.
 3              THE COURT:  Any reason why the Court should not
 4   impose sentence at this time?
 5              MS. RATTAN:  No, your Honor.
 6              MR. BROWN:  No, your Honor.
 7              THE COURT:  Mr. Ude, I do believe an upward
 8   variance is appropriate in this case.  You have failed to
 9   fully accept your responsibility and, you know, it's -- and
10   I look at this.  You are trying to minimize what you've
11   done in this case.  And, of course, I've seen it -- I sat
12   through the trial in this case -- in terms of the impact on
13   the victims, and there is a need to protect the public and
14   need for deterrence for people that do these kind of
15   schemes.  So for those reasons, I would impose a
16   sentence -- the guideline range is not sufficient, and so I
17   would go above the guideline range in assessing your
18   punishment.
19              Pursuant to the Sentencing Reform Act of 1984,
20   having considered the factors noted in 18 USC,
21   Section 3553(a), and having consulted the advisory
22   sentencing guidelines, it is the Judgment of the Court that
23   the Defendant is hereby committed to the custody of the
24   Bureau of Prisons to be imprisoned for 80 months on Count 1
25   of the Second Superseding Indictment.
```

1      While incarcerated, it is recommended you
2 participate in the Inmate Financial Responsibility Program
3 in accordance with the requirements of the program.  If you
4 participate in the program, you must pay 50 percent of your
5 earnings per pay period to any outstanding monetary
6 penalties.
7      The determination of restitution is deferred for a
8 period not to exceed 90 days from the date of this
9 Judgment.
10      The Court finds you don't have the ability to pay
11 a fine.  I'll waive the fine in this case.
12      It is ordered that you will pay the United States
13 a special assessment of $100, which is due and payable
14 immediately.
15      I also find you don't have the ability to pay
16 interest.  I'll waive any interest in this case.
17      Any monetary penalty that remains unpaid when your
18 supervision commences is to be paid on a monthly basis at a
19 rate of at least 10 percent of your gross income.  The
20 percentage of gross income to be paid with respect to any
21 restitution and/or fine is to be changed during
22 supervision, if needed, based on changed circumstances,
23 pursuant to 18 USC, Section 3664(k) and/or 18 USC,
24 Section 3572(d)(3).
25      If you receive any inheritance, any settlements

1  (including divorce settlement and personal injury

2  settlement), gifts, tax refunds, bonuses, lawsuit awards,

3  and any other receipt of money (to include, but not be

4  limited to, gambling proceeds, lottery winnings, and money

5  found or discovered), you must, within five days of

6  receipt, apply 100 percent of the value of such resources

7  to any financial penalty ordered.

8          None of the payment terms imposed by this Judgment

9  preclude or prohibit the Government from enforcing the

10 unpaid balance of the restitution or monetary penalties

11 imposed herein.

12         Upon release from imprisonment, you shall be

13 placed on supervised release for a term of three years.

14 Within 72 hours of release from the custody of the Bureau

15 of Prisons, you must report in person to the Probation

16 Office in the district where you are released.

17         You must not commit another federal, state, or

18 local crime and must comply with the standard conditions

19 that have been adopted by this Court in General Order 17-3.

20 In addition, you must comply with the mandatory and special

21 conditions and instructions that have been provided to you

22 and your counsel as part of the presentence report prior to

23 sentencing, which the Court hereby adopts.

24         And then, Mr. Brown, did you go over our General

25 Order 17-3?

```
 1            MR. BROWN:  I did, your Honor.
 2            THE COURT:  And any objections to those?
 3            MR. BROWN:  No, your Honor.
 4            THE COURT:  And then I did notice that there
 5   are -- the Plea Agreement has forfeiture involved, but I
 6   don't believe there was any Preliminary Order of Forfeiture
 7   in this case either.
 8            MS. RATTAN:  Okay.  Your Honor, we'll address
 9   that.
10            THE COURT:  Okay.  Just wanted to let the
11   Government know.
12            MS. RATTAN:  Thank you.
13            THE COURT:  And I assume you don't contest the
14   forfeiture?
15            MR. BROWN:  Correct, your Honor.
16            THE COURT:  Okay.  So, sir, you have the right to
17   appeal your conviction if you believe your guilty plea was
18   somehow involuntary or unlawful or if there was some other
19   fundamental defect in the proceedings that were not waived
20   by your guilty plea.
21            You have a statutory right to appeal your sentence
22   under certain circumstances, particularly if you believe
23   your sentence is contrary to law.  However, you can waive
24   some of those rights as part of your Plea Agreement, and
25   you have entered into a Plea Agreement which waives certain
```

```
 1  rights to appeal your conviction and your sentence.
 2           With the exception of the grounds reserved in your
 3  Plea Agreement, you have waived any right to appeal in this
 4  case.  Such waivers are generally enforceable, but if you
 5  believe the waiver is not enforceable, you would need to
 6  present that theory to the appellate court.  With few
 7  exceptions, any Notice of Appeal must be filed within
 8  14 days of the Judgment being entered in this case.
 9           If you are unable to pay the cost of the appeal,
10  you can apply to appeal in forma pauperis, which is without
11  payment of fees.  And if you so request assistance, the
12  Clerk of the Court will prepare and file a Notice of Appeal
13  on your behalf.
14           Now, your presentence report is already part of
15  the record.  It's under seal.  It will remain under seal
16  unless needed for purposes of appeal.
17           And then are there any charges to dismiss in this
18  case?
19           MS. RATTAN:  Yes, your Honor.  The Defendant pled
20  to Count 1, and we'd move to dismiss Count 2 of this
21  Indictment.
22           THE COURT:  Okay.  I'll grant that request.
23           And then, Mr. Brown, would you like me to include
24  a placement facility?
25           MR. BROWN:  No, your Honor.
```

1          THE COURT:  Okay.  Then anything further from the
2    Government?
3          MS. RATTAN:  No, your Honor.
4          THE COURT:  Anything further from Defense?
5          MR. BROWN:  No, your Honor.
6          THE COURT:  Okay.  Then, sir, you're going to go
7    back into custody of the marshals pending your placement
8    and good luck to you.
9          (Proceedings concluded, 10:00 a.m.)
10   COURT REPORTER'S CERTIFICATION
11            I HEREBY CERTIFY THAT ON THIS DATE, AUGUST 20,
12   2024, THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD
13   OF PROCEEDINGS.
14                    /s/_____
                      CHRISTINA L. BICKHAM, CRR, RDR
15
16
17
18
19
20
21
22
23
24
25